HENRY, Appellant, vs. MARTIN, Assignee, Respondent.

*September 13 — October 2, 1894.*

*Banks and banking: Voluntary assignment: Preferences: Trust fund.*

Before the making of an assignment by an insolvent bank, an agent deposited money of his principal therein in another than his own name, with notice to the bank that it belonged to third parties. The deposit not having been a special one, and it not being claimed that any part of the money which came to the assignee was the identical money deposited, the assets of the bank are not impressed with any trust in favor of the principal so as to make him a preferred creditor.

APPEAL from the Circuit Court for *Chippewa* County. The plaintiff sent money, to be loaned for him, to one Vesper Morgan. Morgan deposited the money in Sey-

mour's Bank, in the name of J. D. Morgan, with notice that it was the money of third parties. He claims that at the time when the money was deposited the bank was insolvent, and that Seymour and his clerks knew that it was insolvent. 'Seymour failed, and assigned to the defendant for the benefit of his creditors. A small sum of money came to the hands of the assignee. The plaintiff claims to recover from the assignee his entire deposit on the ground that it was a trust fund, which remains in the hands of the assignee. There was a general demurrer to the complaint, which was sustained. The appeal is from that judgment.

*Vesper Morgan*, for the appellant.

For the respondent there was a brief by *T. F. Frawley* and *T. J. Connor*, attorneys, and *C. T. Bundy*, of counsel, and the cause was argued orally by *Mr. Frawley*.

NEWMAN, J. This case is ruled by *Nonotuck Silk Co. v. Flanders*, 87 Wis. 237. The plaintiff made no special deposit of his money in Seymour's Bank. It was not expected that the identical money deposited would be kept and returned, nor is it claimed that it has been kept; nor that any part of the money found in the assignee's hands is the identical money deposited. The deposit created the relation of debtor and creditor. The bank became the plaintiff's debtor, not his bailee. The plaintiff's relation to the assets of the bank in the hands of the assignee is in no wise different from the relation of the common creditors of the bank to the same assets.

*By the Court.*— The judgment of the circuit court is affirmed.