GIANELLA, Appellant, vs. MOMSEN, Assignee, Respondent.

*May 21 — June 20, 1895.*

*Equity: Following trust fund: Voluntary assignment.*

An agent having wrongfully converted and mixed with his own funds money collected by him for his principal, the latter cannot recover it as a trust fund from the agent's assignee for the benefit of creditors, unless it can be identified or traced into some specific property in the, hands of such assignee.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This is an action to recover trust funds from the defendant as assignee for the benefit of creditors of Frederick T.

Day. The complaint alleges, in substance, that Day was the agent of the plaintiff for the investment, collection, and reinvestment of the plaintiff's funds; and that Day had in his hands, as such agent, of the plaintiff's funds, $5,234.82, which he wrongfully converted to his own use without plaintiff's knowledge or consent, and mixed the same with his own funds; and that the same or the proceeds or product thereof went either into money or property representing the money and property assigned by said Day, for the benefit of creditors, to the defendant, *Momsen.* The complaint further alleges the assignment for the benefit of creditors made by Day to the defendant, and the defendant's acceptance of the same, and that the amount of the assets of said Day which came into the hands of the assignee were not less than $500,000, and the liabilities not exceeding $600,000; that the defendant "has in his possession the aforesaid trust moneys so collected by said Frederick T. Day for this plaintiff, or the proceeds or the product thereof, amounting to $5,234.82." Demand before suit is also alleged. A demurrer *ore tenus* to this complaint was sustained, and the plaintiff appealed.

*Glenway Maxon,* for the appellant.

For the respondent there was a brief by *Elliott, Hickox & Groth,* and oral argument by *E. S. Elliott.*

WINSLOW, J. It appears from the affirmative allegations of the complaint that the trust funds of the plaintiff were wrongfully converted by Day and mixed with his own funds, and that, while so mixed and confounded with Day's own funds, the assignment to *Momsen* was made, and a large amount of property passed into the assignee's hands, among which were the unidentified proceeds or product, either in money or property, of said trust funds. It is very clear, from the statements of the complaint, that the trust funds cannot be identified as money, nor can they be traced into

any specific property in the hands of the assignee. It was said by this court in *Burnham v. Barth*, 89 Wis. 362: "That, in order that the beneficiary or owner of a trust fund may be able to regain it out of the estate of a defaulting and insolvent trustee, he must be able to trace it into and satisfactorily identify it in the hands of the receiver or assignee of his estate, or its substitute or substantial equivalent; that when the trust fund has been dissipated, or so confounded and mixed up with the property and estate of the trustee that it cannot be traced or identified, there remains nothing to be the subject of the trust, and the owner of the fund or property is not entitled to prove for it as a trust debt and obtain a preference over the other creditors of the insolvent estate. . . . When the trust fund cannot be identified or traced into some specific estate or substituted property, and the means of ascertainment fail, the trust wholly fails, and the party can only prove as a general creditor." The case presented by the complaint is just the case thus generally defined, and it follows logically that the demurrer to the complaint was properly sustained.

*By the Court.*— Order affirmed.