HENIKA, Intervener, Respondent, vs. HEINEMANN, Receiver, Appellant.

*May 21 — June 20, 1895.*

*Equity: Following trust fund: Receivers.*

One who had consigned merchandise to a firm for sale cannot recover the proceeds thereof as a trust fund from the receiver of the firm, unless such proceeds can be traced into some property or fund which came to the hands of the receiver.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

Henika vs. Heinemann.

In an action to dissolve and wind up the affairs of the firm of Hallett & Hawley, brought by Hawley against Hallett, the appellant was appointed receiver of the partnership assets and effects of said firm, and the respondent, *Henika*, intervened in the action, claiming that he had consigned to the firm certain merchandise for sale, to the amount of $315.51, which they had sold, and failed and refused to account to him for the proceeds; and he asked that the receiver be directed to account for and pay over to him such proceeds in full. It was stipulated, among other things, that no demand had been made for the proceeds of the sales; that they amounted to the sum above stated; "that the proceeds of such sales by said firm were mingled by it with their other assets prior to the appointment of the receiver, and that no part thereof could be identified or traced into the assets of said firm which came into the hands of the receiver;" that when the receiver took possession the firm had $73.98 in money, which came to the hands of the receiver, and no more, and no money to its credit in any bank.

At the hearing the court made an order directing the receiver to account to the petitioner for the goods, etc., and pay over to him the money received for said goods by the firm of Hallett & Hawley, to wit, the sum of $315.51. From this order the receiver appealed.

For the appellant there was a brief by *Ogden, Hunter & Bottum*, and oral argument by *F. H. Bottum*. They cited *Nonotuck Silk Co. v. Flanders*, 87 Wis. 237; 1 Beach, Mod. Eq. Jur. §§ 284–286, and cases cited; *Shields v. Thomas*, 71 Miss. 260; *Continental Nat. Bank v. Weems*, 69 Tex. 489; *Illinois T. & S. Bank v. First Nat. Bank*, 15 Fed. Rep. 858; *McClure v. Board of Comm'rs*, 19 Colo. 122; *Comm. Nat. Bank v. Armstrong*, 39 Fed. Rep. 684; *District Tp. of Eureka v. Farmers' Bank*, 88 Iowa, 194; *St. Louis B. Asso. v. Austin*, 100 Ala. 313; *Foster v. Rincker*, 35 Pac. Rep. 470; *Wilson v. Coburn*, 35 Neb. 530; *In re Plankinton Bank*, 87 Wis. 378; *Burnham v. Barth*, 89 id. 362.

Estate of O'Neill.

W. J. *McElroy,* for the respondent, cited *Baker v. N. Y. N. E. Bank,* 100 N. Y. 33; *Ewart v. Bank of Monroe,* 70 Hun, 90; *Continental Nat. Bank v. Weems,* 69 Tex. 489; *San Diego Co. v. California Nat. Bank,* 52 Fed. Rep. 59; *Peak v. Ellicott,* 30 Kan. 156; *Independent Dist. of Boyer v. King,* 80 Iowa, 497; *In re Jamison,* 3 Pa. Dist. Rep. 217.

PINNEY, J. . The order appealed from was made before the decision of *Nonotuck Silk Co. v. Flanders,* 87 Wis. 237, and *In re Plankinton Bank,* 87 Wis. 378. For the reason that the trust property or fund sought to be recovered by the petitioner could not be traced and followed into any property or money which came to the hands of the receiver, his case wholly failed. His right to recover depended upon tracing such property, or the proceeds thereof, into some property or fund which came to the hands of the receiver. *Burnham v. Barth,* 89 Wis. 362.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with directions to dismiss the petition.