STEVENS, Intervener, Appellant, vs. WILLIAMS, Assignee, Respondent.

*September 9 — September 26, 1895.*

*Banks and banking: Voluntary assignment: Preferences: Trust fund.*

A county treasurer kept some of the county's moneys as a general deposit with a banker who knew that he deposited such moneys. The banker made an assignment for the benefit of his creditors, and a sum of money then in the bank came to the assignee. *Held,* that these facts did not entitle the treasurer to have his claim preferred.

APPEAL from an order of the circuit court for Monroe county: O. B. WYMAN, Circuit Judge. *Affirmed.*

This was an application by the appellant, by petition in the matter of the voluntary assignment of Mason A. Thayer, to have his claim adjudged a preferred claim and paid in full.

The appellant was county treasurer of Monroe county. The respondent is the assignee for the benefit of creditors of Mason A. Thayer. Thayer was a banker at Sparta. The appellant kept some of the county's moneys in Thayer's bank, as a general deposit. Thayer knew that he deposited the county's moneys. The bank failed, having many creditors and large indebtedness. A sum of money which was in the bank at the time of the assignment came to the assignee. Upon these facts the appellant claims that he has identified the money which came to the hands of the assignee as the same money which he deposited, and so that he is entitled to have his claim preferred. The circuit court denied his application. He appeals.

*S. W. Button,* for the appellant.

For the respondent there was a brief signed by *Morrow & Masters* and *Losey & Woodward,* and oral argument by *J. M. Morrow.*

The Milwaukee Harvester Co. vs. Teasdale and another.

NEWMAN, J. This case is ruled, against the appellant, by the following recent cases in this court: *Nonotuck Silk Co. v. Flanders*, 87 Wis. 237; *Henry v. Martin*, 88 Wis. 367; *Burnham v. Barth*, 89 Wis. 362; *Thuemmler v. Barth*, 89 Wis. 381; *Henika v. Heinemann*, 90 Wis. 478; *Gianella v. Momsen*, 90 Wis. 476. By the same method and amount of proof it can be shown, with equal directness and certainty, that this fund is the particular money of each one of the several creditors of the insolvent bank. Because each one of the several creditors cannot in the nature of things have the entire fund, each must be content with his own fair share of it.

*By the Court.*— The order of the circuit court is affirmed.