PORTAGE COUNTY, Appellant, vs. THE TOWN OF NESHKORO, Respondent.

*February 26 — March 19, 1901.*

*Paupers: Relief of nonresidents: Reimbursement: Ultimate liability: Statutes: Construction: Amendment.*

Ch. 216, Laws of 1895 ("an act to simplify the method of giving aid to paupers and the method of collecting the same in certain cases"), did not relieve the municipality in which a pauper had a legal settlement from ultimate liability for aid given him by another municipality in any case where the former would have been ulti-

Portage County vs. The Town of Neshkoro.

mately liable under the previously existing statute, but merely changed in certain cases the remedy of a municipality furnishing aid, so that in all cases it might obtain reimbursement from the county in which it was located, and such county might in turn obtain reimbursement from the municipality in which the pauper had his settlement, if any.

APPEAL from a judgment of the circuit court for Marquette county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

Action to recover for supporting John and Annie Bahn, paupers, who had a legal settlement in defendant town, but went therefrom to the town of Almond, in plaintiff county, in October, 1896, and within a few days thereafter required relief there at public expense, and received it. Within the time required by sec. 1512, Stats. 1898, the town of Almond complied with the conditions of such section as to rendering plaintiff liable to reimburse it for the expenses thus incurred, if the case was one covered by such section. The county did not take charge of the paupers, by reason whereof the town of Almond was compelled to continue to support them for the length of time covered by the claim in suit. The expenses thereof were, in due time, audited by the plaintiff pursuant to sec. 1512, and paid. This action was brought to obtain reimbursement for the county, from defendant, as the town in which the paupers had a legal settlement. The court dismissed the action because the relief was of an emergency character and not within sec. 1512, and because, in a case like this, there is no legal liability of the town in which the pauper has a legal settlement to reimburse a county that shall have paid for the support of such pauper while a public charge in some other town.

*W. F. Owen,* for the appellant.

For the respondent the cause was submitted on the brief of *John J. Wood, Jr.,* attorney, and *J. H. Rogers,* of counsel.

MARSHALL, J. As shown in *Milwaukee Co. v. Sheboygan,* 94 Wis. 58, from territorial days it has been the policy of

Portage County vs. The Town of Neshkoro.

our laws that all poor persons, commonly known as paupers, and all helpless persons away from home in a place where they are neither residents nor have a legal settlement though not strictly paupers, standing in need of relief, shall have it at public expense. We took such system indirectly from Massachusetts, where it was adopted as early as 1793. Up to 1895 at least, the system treated persons entitled to relief as of four classes: (1) Every person in need of relief as a pauper in the particular locality where he had a legal settlement; (2) every person not a resident nor having a legal settlement therein, taken sick, lame, or becoming otherwise disabled, in any town, city, or village, and not having money or property to pay his board, attendance, and medical aid; (3) every person becoming a public charge for support in any town, having no legal settlement therein, but having such a settlement in this state; (4) persons requiring public support as paupers in this state and not having a legal settlement therein. The duty of relieving every person of the first class was imposed absolutely upon the town in which he had his legal settlement; that of relieving every one of the second class was imposed primarily on the town where the necessity therefor occurred, with the right of reimbursement from the county in which the town was located, and right of the county to be in turn reimbursed by the town in which the assisted person had a legal settlement. The primary duty to. relieve every person of the third class was imposed on the town where such person should become a public charge, but with the right, upon compliance with certain specified conditions, to reimbursement by the town where the assisted person had a legal settlement. The duty to relieve every person of the fourth class was imposed on the county where the need thereof should occur. The first was covered by sec. 1499, the second by sec. 1512, the third by secs. 1513 and 1514, and the fourth by sec. 1517, R. S. 1878. ·

Portage County vs. The Town of Neshkoro.

It will be seen that the ultimate liability for relieving every person entitled thereto at public expense, under the statutes of 1878, rested on the particular political subdivision of the state where such person had a legal settlement, if he had one in this state. It is now claimed that such system was changed by ch. 216, Laws of 1895, so that there is now no liability on the part of a town in which a poor person has a legal settlement to pay the expenses necessarily incurred for his support in another town. That would be an unreasonable and radical change. It would be such a departure from the old system, that existed from the foundation of the territorial government to 1895, and for half a century before that in the state from which we took it by adoption, that unless the language of the act in question clearly indicates such a change it cannot be held by judicial construction to have been accomplished, if a reasonable meaning can be given to such act.

The following are the changes effected in the statutes of 1878: There the language as to the persons entitled to relief under sec. 1512 was this:

"Any person not a resident, nor having a legal settlement therein, who shall be taken sick, lame, or otherwise disabled, in any town, and shall not have money or property to pay his board, attendance and medical aid."

The words "not a resident" were stricken out; the word "not" was substituted for the word "nor;" the words "city or village, or for any other cause shall be in need of relief as a poor person" were added after the word "town;" and the words "and maintenance" were inserted after the word "board;" so that the revised section, as regards persons entitled to relief, was made to read as follows:

"Any person *not* having a legal settlement therein, who shall be taken sick, lame or otherwise disabled, in any town, city or village, *or for any other cause shall be in need of relief as a poor person*, and shall not have money or property to pay his board *and maintenance*, attendance and medical aid."

Portage County vs. The Town of Neshkoro.

There was also added to the section a provision giving to the municipality upon which the duty of furnishing relief is imposed, the right in all cases to be reimbursed by the county in which it is located, upon giving notice as therein indicated.   That provision is as follows:

"It shall in all such cases be the duty of the town, city or village authorities within ten days after such person so becomes a public charge in their town, city or village to notify the county clerk of such fact, and thereupon the county authorities may take charge of such poor person and remove him to the county poor farm or relieve him in such other manner as they may see fit."

Secs. 1513 and 1514 of the old statute, which related to persons of the third class mentioned, were repealed; and the language of sec. 1517 as to persons relievable under it, which theretofore read, "All poor persons in their county, who have no legal settlement *in any town in this state*," was changed by substituting for the words "*any town in this state*" the words "*the town, city or village where they may be, except as provided in section 1512.*"

The legislative purpose of such changes was clearly indicated in the title to the act making them.   It reads as follows: "An act to *simplify* the *method* of giving aid to paupers and the *method* of collecting the same *in certain cases.*" There is nothing in that pointing to a purpose to change the location of the burden of relieving persons entitled to relief at public expense.   It indicates only a simplification of the method of performing an existing public duty and of imposing the cost thereof upon the locality liable therefor. The relief under sec. 1512, theretofore confined to mere transient persons in need of relief by reason of some sudden disablement in a town where they had neither a legal settlement nor a residence, and without money or property to pay their board, attendance, or medical aid, regardless of whether or not they were paupers strictly so called, was broadened out by omitting the words "not a resident," so

Portage County vs. The Town of Neshkoro.

that the only essential, independent of the circumstance of inability to personally provide for the immediate necessity caused by the disablement accompanied with want of money or property at hand, is that of the sufferer having no legal settlement in the territory where relief is needed. To the restrictive words, " any person taken sick, lame, or otherwise disabled," there were added the words, "*any person who from any cause shall be in need of relief as a poor person.*" Those words, in their literal sense, include the persons mentioned in sec. 1513, which was repealed. The manner of the relieving town obtaining reimbursement for its expenses being changed by the addition to sec. 1512, giving it the right to reimbursement by the county in all cases, both secs. 1513 and 1514 became useless, and they were therefore repealed.

We can see no reason for saying that the change in sec. 1512, made by the addition of the words, " or for any other cause shall be in need of relief as a poor person," was intended merely to broaden out the circumstances under which mere transients were entitled to relief. That is contrary to the literal meaning of the words, and inconsistent with the declared purpose of the act and the omission from the revised section of the words " not a resident." Such omission was necessary to include the class of indigent persons formerly relievable under sec. 1513, as they are often residents of the town where they become a public charge. It was also necessary to add the words " maintenance " and the words " relieved as poor persons," because the class relievable under sec. 1513 were of the pauper class, strictly so called, and the relief required was *maintenance,* not merely such relief as sec. 1512 formerly contemplated.

The several changes in sec. 1512, it has been seen, preserved all of its existing features, added everything contained in sec. 1513 as to persons entitled to relief, and substituted for sec. 1514 a provision giving the relieving

town the right of reimbursement from the county. Thus the purpose of the act of 1895, indicated by its title, was effected. All nonresident persons entitled to be relieved by any town, city, or village are now in one class; the county in which such town, city, or village is located is made secondarily liable in all such cases, and the town, city, or village in which the assisted person has a legal settlement, if any, is ultimately liable the same as before, but instead of to the town, city, or village primarily liable in one class of cases, and to the municipality secondarily liable in the other, it is liable in all such cases to the county in which the municipality furnishing the relief is located. The town, city, or village primarily liable, but not necessarily ultimately liable in all cases, deals with the county of which it forms a part, and such county deals with the town upon which the ultimate burden is cast. If the section, as it now stands, had been properly punctuated by pointing off by commas the clause, " or for any other cause shall be in need of relief as a poor person," we apprehend that it never would have occurred to any one that such clause was used merely to add another circumstance entitling persons of the class already provided for in the section to relief, instead of to add another class of persons.

The change in sec. 1517 emphasizes what has been said as regards the legislative intent not to change the ultimate locality of the public burden as to the expense of relieving any class of persons entitled thereto. As before indicated, it formerly only required the county board to take charge of and relieve every person in the county in need thereof having no legal settlement in any town, city, or village in this state. The liability of the county having been created, by the changes in sec. 1512, to reimburse, in all cases, every town, city, or village for expenses incurred for the relief of any poor person not having any legal settlement therein, upon the minor municipality complying with its provisions

in regard to notice to the county clerk of the fact of such person becoming a charge upon such municipality, and privilege granted to the county, in harmony therewith, upon receiving such notice, to take charge of the indigent person and remove him to the poor house or otherwise provide for his needs as the proper county authorities might see fit, sec. 1517 was made to harmonize therewith by so changing its language as to place with the county board the care of all persons in the county needing public relief and having no legal settlement therein, except as provided in sec. 1512, regardless of whether they have a legal settlement in the state outside the county or not.   We have now one system of caring for paupers having no legal settlement in the town, city, or village where support is needed, one source for such town, city, or village to look to for reimbursement, and one way of reaching the municipality ultimately liable. Whereas before there were four classes of persons, we may now treat all as three classes with regard merely to the manner in which the expense is to be primarily and ultimately borne. Formerly the municipality primarily liable was required to look for reimbursement in some cases to the county of which it formed a part, and in others to some other minor municipality which might be situated within the county or in some distant part of the state.  Now, in all cases where reimbursement is due at all to the municipality primarily liable, it is from the county in which such municipality is located. Formerly a town might maintain a poor person having no legal settlement therein for an indefinite length of time without giving notice thereof to the municipality ultimately liable, and without such want of notice affecting such liability. Now, notice to the county of relief being given by a minor municipality to a person not having a legal settlement therein must be given within ten days of the time of such person becoming a public charge in order to preserve its right to reimbursement.   Then, the county authorities only

had the right to take charge of poor persons having no legal settlement in any town in this state; now they have the care of every poor person relieved as such in any town in the county in which such person has no legal settlement, except as otherwise expressly provided in sec. 1512. That merely imposes upon the minor municipality the duty of preventing unnecessary suffering in the emergency cases mentioned, and in all cases of persons becoming a public charge therein, and of continuing relief so long as necessary unless displaced by the county authorities under sec. 1517.

In the case before us the persons relieved were in need thereof as paupers, within the plain meaning of sec. 1512, and the appellant county, according to law, became liable to the town which furnished such relief; and having discharged such liability, it became entitled to reimbursement from the respondent, the town in which the persons relieved had a legal settlement.

The judgment of the circuit court must be reversed, and the cause remanded for a new trial.

*By the Court.*— So ordered.