HITTNER, Appellant, vs. OUTAGAMIE COUNTY, Respondent.

*November 20—December 12, 1905.*

*Paupers: Liability of county for physician's services: Unauthorized employment.*

A county is not liable for services rendered to a poor person by a physician employed for that purpose by individual members of the county board and the district attorney, to none of whom had express authority to make such a contract been granted by action of the county board.

APPEAL from an order and a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This is an action against *Outagamie* county for compensation for medicine and professional and medical services furnished to one Nic Huff, a poor person. The allegations of the complaint and the record disclose the following material facts:

The plaintiff is a physician and surgeon, engaged in the practice of his profession at the city of Seymour, *Outagamie* county. Part of the Oneida Indian reservation, which is not organized into towns, lies in *Outagamie* county. On July 11, 1902, Nic Huff, an Oneida Indian and poor person residing on the reservation in *Outagamie* county, fractured his leg, was injured internally and rendered dangerously ill, and was in need of immediate medical care and relief. Plaintiff notified and conferred with three of the members of the county board and the district attorney, and they assented to and directed him to give care and assistance to Nic Huff. Plaintiff furnished medicine, medical care, and attendance on him to the value of $317, and filed an itemized claim therefor against the county with the county clerk. The claim was wholly disallowed, and plaintiff appealed from the action of the county board to the circuit court.

Defendant demurred to the complaint on the ground that

it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the court awarded judgment dismissing the complaint. This is an appeal from such order and judgment.

For the appellant there was a brief by *Pierce & Lehr,* and oral argument by *J. E. Lehr.*

For the respondent there was a brief by *Albert H. Krugmeier,* district attorney, and oral argument by *F. M. Wilcox.*

SIEBECKER, J.    It is insisted that the county is liable to plaintiff, under the facts, on account of the aid furnished to the alleged poor person.    Whether the person is one for whose care and relief the county is liable under the provisions of sec. 1517, Stats. 1898, need not be determined under the allegations of the complaint.    Plaintiff charges that he was employed by three members of the county board and the district attorney of the county to furnish this aid and care.    It is not alleged that these officers were given authority by the county board to employ plaintiff or any other person in providing county aid to poor persons.    There is nothing in the provisions of the statutes under which poor persons are to be relieved at the expense of the county indicating that individual members of the county board or the district attorney have any authority or power to act for the county, unless express authority be granted them by action of the county board.    As held in the case of *Patrick v. Baldwin,* 109 Wis. 342, 85 N. W. 274:

"The statute creates a liability to relieve destitute persons, but not a liability to individuals who may voluntarily perform that service.    It empowers appropriate agents of municipalities to make their liability effective by necessary contracts to that end, and imposes upon such agents the duty to exercise such power. . . . Performance of that duty by the person designated by law is absolutely essential to create a binding obligation upon the municipality to compensate one for relieving a poor person legally entitled to relief at its expense."

See, also, *McCaffrey v. Shields,* 54 Wis. 645, 12 N. W. 54; *Portage Co. v. Neshkoro,* 109 Wis. 520, 85 N. W. 414.

It appearing that the county officers who plaintiff alleges employed him to furnish the relief at the county's expense had no authority to make such a contract, the complaint must be held to state no cause of action, and the order and judgment complained of were proper.

*By the Court.*—The order and the judgment appealed from are affirmed.