O'NEIL, Plaintiff and Appellant, vs. RUSSELL, Defendant: HARTFORD EXCHANGE BANK, Garnishee and Respondent; SULLIVAN, Administratrix, Intervenor, Appellant.

*December 7, 1928—January 8, 1929.*

The cause was submitted for the appellant on the brief of *O'Meara & O'Meara* of West Bend, and for the respondent on that of *Sawyer & Gehl* of Hartford.

Stevens, J. The money of Mr. Sullivan had been so mingled in the bank account with that of other investors that it was not possible to trace any of his money to the fund in the bank when the garnishee summons was served. It was not the intention of the parties that the identical funds belonging to Mr. Sullivan should be returned to him. On the contrary it was the intent to accept in place of the money the written obligations to repay these sums in the form of checks. The relationship created by their course of dealing was the same as it would have been if Mr. Russell, instead of issuing checks, had sent his promissory notes. In either case the relationship of debtor and creditor would have been created.

When money, sent to an agent for investment, is deposited in the agent's account and is so mingled with other funds that it cannot be traced or identified, the investor cannot claim the fund as the beneficiary of a trust. In such case he has only the rights of a general creditor. *Henry v. Mar-*

*tin,* 88 Wis. 367, 368, 60 N. W. 263; *Gianella v. Momsen,* 90 Wis. 476, 478, 63 N. W. 1018. In order to establish the right to claim that the money constitutes a trust fund, the fund must be traced to and identified in some existing fund or property. *Union State Bank v. Peoples State Bank,* 192 Wis. 28, 34, 211 N. W. 931. "When trust money becomes so mixed up with the trustee's individual funds that it is impossible to trace and identify it as entering into some specific property, the trust ceases." *Bromley v. Cleveland, C., C. & St. L. R. Co.* 103 Wis. 562, 568, 79 N. W. 741. See, also, *Nonotuck Silk Co. v. Flanders,* 87 Wis. 237, 242, 58 N. W. 383.

The evidence shows conclusively that the parties did not contemplate that the same identical money received by the defendant Russell was to be returned to the intervenor, but only that a like sum should be paid on demand. These transactions were in the nature of loans which created the relationship of debtor and creditor. *Shoemaker v. Hinze,* 53 Wis. 116, 117; 10 N. W. 86.

*By the Court.*—Judgment affirmed.