SIMONSON, Trustee of Contractors Service, Inc., Appellant, v. MC INVAILLE and others, Respondents.

*No. 182. Argued March 7, 1969.—Decided April 1, 1969.*
(Also reported in 166 N. W. 2d 155.)

For the appellant there were briefs and oral argument by *A. E. Simonson* of Madison.

For the respondents there was a brief by *Maurice B. Pasch,* attorney, and *Harry Sauthoff, Jr.,* of counsel, both of Madison, and oral argument by *Mr. Pasch.*

CONNOR T. HANSEN, J. Defendant William James Mc Invaille organized and incorporated Home Service, Inc., in 1947. This corporation was engaged primarily in the home improvement business.

In 1959, he organized and incorporated Contractors Service, Inc. This corporation was principally engaged in the business of purchasing building materials in large quantities and then wholesaling most of these materials to Home Service, Inc., usually on a job-to-job basis.

The two corporations had the same stockholders, directors and officers. They used the same warehouse, office space and equipment.

For the period of time relevant to this case, Mr. Mc Invaille was a director and the president and treasurer of Home Service, Inc., and a director and the president of Contractors Service, Inc. Mrs. Mc Invaille was a director and secretary of both corporations. Mr. Pasch was a director and vice-president of both corporations.

Both corporations became insolvent in 1965. Petitions and schedules were filed in bankruptcy. Contractors Service, Inc., listed seventeen creditors and listed

$34,465.98 from Home Service, Inc., as its only account receivable.

Home Service, Inc., did not keep any kind of trust accounting records or a bank trust account for the protection of various materialmen or suppliers. The gross receipts of Home Service, Inc., were deposited in a general business checking account out of which were paid both the debts due to materialmen and the operating expenses.

The plaintiff claims that pursuant to sec. 289.02 (4), Stats. 1963,[1] all moneys paid to Home Service by any homeowner for improvements constituted a trust fund in the hands of Home Service, Inc., for the amounts of all claims owed for labor and materials used for such improvements. The plaintiff also alleges that Home Service, Inc., did not segregate such receipts and instead used part of them to pay operating expenses and thus the defendants were responsible for conversion of the sum of $41,940.74, including $31,560.96 [2] due the plaintiff for materials.

The defendants contend that the plaintiff is not entitled to review of the trial court's judgment because it did not first move for review of the judgment in the trial court.

---

[1] "(4) THEFT BY CONTRACTORS. The proceeds of any mortgage on land, paid to any principal contractor or any subcontractor for improvements upon the mortgaged premises and all moneys paid to him by any owner for improvements, constitute a trust fund in the hands of any such contractor or subcontractor to the amount of all claims due and to become due or owing from such contractor or subcontractor for labor and materials used for such improvements until all such claims have been paid; and the use of any of such moneys by any contractor or subcontractor for any other purpose until all claims, except those which are the subject of a bona fide dispute, have been paid in full, or pro rata in cases of a deficiency, is theft of moneys so misappropriated."

[2] Although not material, there is a variance between the account receivable due Contractors Service, Inc., and the amount allegedly due Contractors Service, Inc., for materials.

In *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 518, 80 N. W. 2d 380, this court stated that in a *trial to the jury* "no error of the court should be reviewable *as a matter of right* on appeal without first moving in the trial court for a new trial bottomed on such error, if the error is of a category that a trial court could correct by granting a new trial."

The *Wells* rule specifically applies to cases tried to a jury. Since *Wells* this court has, on several occasions, considered the application of the *Wells* rule to nonjury civil and criminal cases.

In *Fringer v. Venema* (1965), 26 Wis. 2d 366, 375, 376, 132 N. W. 2d 565, 133 N. W. 2d 809, this court stated:

"We deem this statute [sec. 269.46 (3)] sufficiently broad to allow a motion to review the findings of fact entered by the trial court and commend its use to afford the trial court an opportunity to correct its findings of fact, conclusions of law, and judgment, or award a new trial in appropriate instances. . . . While we approve and commend the practice, we do not at this time declare it to be mandatory but reserve this question for subsequent opinion or court rule." *See also Finger v. State* (1968), 40 Wis. 2d 103, 108, 161 N. W. 2d 272.

We now determine that this question can best be resolved by court rule adopted pursuant to the provisions of sec. 251.18, Stats.

One of the grounds on which the trial court dismissed the actions was that the plaintiff had no standing to sue.

An examination of the record reflects that the plaintiff neither affirmatively established that he qualified for or accepted the appointment as trustee, nor did he submit proof of his authority to sue. It could have been a relatively simple matter to offer such proof, in which event this issue would not be the subject of an appeal, nor would it have confronted the trial court in arriving at its decision.

9 Am. Jur. 2d, *Bankruptcy*, p. 865, sec. 1162 (1963), states:

"Inasmuch as a trustee in bankruptcy is expressly vested with power to collect and reduce to money the property of the estate, an order of the bankruptcy court granting leave to sue is not a prerequisite to a suit by him. That the trustee is to act under the direction of the court does not mean that an order granting leave to sue is essential to a suit by him.

"Although an order granting leave to sue is not an absolute prerequisite to a suit by the trustee, it is desirable to keep the court advised of any action contemplated by the trustee, and the obtaining of leave for suit is undoubtedly in accordance with the practice of careful counsel."

An examination of the record leads us to conclude that there is sufficient evidence to establish the plaintiff's standing to sue and that it is not essential to the cause of the plaintiff that he submit proof of his authority to sue. The record does contain a certified copy of the "Notice to Trustee of His Appointment and Notice of Time Fixed for Filing Objections to Discharge." Also, one of the exhibits in the record is a transcript of a proceeding, prior to commencement of the instant action, before the referee in bankruptcy: "In the Matter of: CONTRACTOR'S SERVICE, INC., DEBTOR." The first page of the transcript of that proceeding lists under appearances, "TRUSTEE: A. E. SIMONSON, ATTORNEY."

The trial court also determined that the trustee of Contractors Service, Inc., was not a proper party plaintiff. The trial court correctly stated that the trustee in bankruptcy of Home Service, Inc., would speak for all the creditors of Home Service, Inc. (including Contractors Service, Inc.); however, such trustee would not speak for all the creditors of Contractors Service, Inc., the real beneficiaries of this action. The plaintiff, representing the creditors of Contractors Service, Inc., as beneficiaries

of the alleged trust in the hands of Home Service, Inc., created by sec. 289.02 (4), Stats. 1963, was a proper party to bring suit.

The trial court determined that the plaintiff did not submit proof from which a money judgment could be determined. The trial court's finding is not contrary to the great weight and clear preponderance of the evidence and is therefore sustained on appeal.

In Wisconsin it is well established that when trust funds are commingled with other funds, the trust may be enforced against any part of the commingled fund which can be traced into the hands of a trustee (defendants here). In order to sustain a recovery, it is essential that the funds be traced. *Murphy v. National Paving Co.* (1938), 229 Wis. 100, 281 N. W. 705; *Henika v. Heinemann* (1895), 90 Wis. 478, 63 N. W. 1047; *Gianella v. Momsen* (1895), 90 Wis. 476, 63 N. W. 1018; *Burnham v. Barth* (1895), 89 Wis. 362, 62 N. W. 96.

Plaintiff has not traced any funds, which allegedly constituted trust funds, into Home Service, Inc., or into any of the individual defendant's hands.

By the terms of sec. 289.02 (4), Stats. 1963, the only moneys involved in this litigation which would constitute trust funds are moneys paid by homeowners for improvements incorporating materials furnished by Contractors Service, Inc.

While the record shows that Home Service, Inc., was predominantly in the home improvement business, the corporation's income during the period in question came not only from home improvement jobs but also from the sale of various materials to other contractors and individual customers. In addition, Home Service, Inc., carried a considerable inventory of its own which came from various manufacturers other than Contractors Service, Inc.

There is no evidence in the record showing what moneys were received by Home Service, Inc., for home

improvement contracts involving materials supplied by Contractors Service, Inc. Clearly it was not 100 percent.

The plaintiff has failed to establish that Home Service, Inc., performed any home improvement contract for which it received payment by an owner and in which materials obtained from Contractors Service, Inc., were used and not paid for. Without such a tracing, there is not sufficient proof from which a money judgment could be determined.

*Weather-Tite Co. v. Lepper* (1964), 25 Wis. 2d 70, 130 N. W. 2d 198, is distinguishable from the instant case. In that case it was determined that the defendant, having expended the trust funds for purposes other than the payment of claims, as provided in sec. 289.02 (4), Stats., was a converter of those funds and personally liable to the plaintiff for the amount of its claim.

However, in *Weather-Tite, supra,* no tracing problem was present. It was stipulated that materials supplied by the plaintiff were used by the home improvement company (Super Seal Company, Inc.) in making building improvements, and that the owners of the buildings had paid Super Seal Company, Inc., for the improvements. No such facts have been admitted in this case.

In the second cause of action plaintiff contends that Florence Mc Invaille and Maurice B. Pasch, as officers and directors of Home Service, Inc., breached their duties by not properly supervising the affairs of the company and thereby permitted acts of conversion, contrary to the provisions of sec. 289.02 (4), Stats. The plaintiff further contends that as a result of such breach of duty as officers and directors of the corporation, Florence Mc Invaille and Maurice B. Pasch are personally liable to the plaintiff.

Inasmuch as the plaintiff has failed to submit proof from which a money judgment could be determined, it is not necessary to reach this issue.

The respondents request this court to consider the imposition of additional costs for the reason that appellant's appendix does not contain an abridgment of the testimony as required by sec. (Rule) 251.34 (5) (c), Stats.

Sec. (Rule) 251.34 (5) (c), Stats., provides, "The abridgment of the testimony shall be in narrative . . . ."

The appellant's appendix sets forth extensive question and answer testimony given at the trial (56 pages) and as a result the respondents provided an abridgment of the testimony in narrative form in their brief. The failure to furnish an abridgment of the testimony in narrative form could warrant imposing double costs;[3] however, we exercise our discretion to impose additional costs of $50 against the plaintiff-appellant.[4]

*By the Court.*—Judgment affirmed. Respondents are entitled to tax an additional $50 as costs.

[3] Sec. (Rule) 251.38 (2), Stats.
[4] *Withers v. Tucker* (1965), 28 Wis. 2d 82, 87, 88, 135 N. W. 2d 776.