In re TELEMARK MANAGEMENT COMPANY, INC., The Telemark Company, Inc. Telemark Land Company, Inc., Historyland, Incorporated Thaw, Inc., Wisconsin Corporations, d/b/a Telemark Enterprises, Debtors.

Bankruptcy Nos. EF7–81–00747, EF7–81–00748, EF7–81–00749, .EF7–81–00750 and EF7–81–00751.

United States Bankruptcy Court, W.D. Wisconsin.

May 1, 1985.

Peter E. Grosskopf (Thornton, Black, Wachowski & Grosskopf, S.C.), Eau Claire, Wis. for Telemark Employees Association.

Lawrence J. Kaiser (Kaiser & Strebe, Ltd.), Eau Claire, Wis., Trustee.

## FINDINGS OF FACT, CONCLUSION OF LAW AND ORDER DENYING APPLICATION

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Telemark Employees Association, by Attorney Peter E. Grosskopf, having filed an application for determination of status and interim distribution; and a hearing having been held; and the Applicants appearing by counsel; and Trustee Lawrence J. Kaiser appearing on his own behalf; and briefs having been filed; the Court, being fully advised in the premises, FINDS THAT:

1. On April 30, 1981, the above captioned Debtors filed for relief under Chapter 11 of the Bankruptcy Code.

2. On December 16, 1982, the Debtors' plan of reorganization was approved and all of the property of the Chapter 11 estate vested in the Debtors, 11 U.S.C. sec. 1141(b).

3. On May 17, 1984, this matter was converted from a Chapter 11 proceeding to a Chapter 7 proceeding. *In re Telemark,* 41 B.R. 501 (Bankr.W.D.Wis.1984). On that date the Debtors had no funds on hand to pay claimants.

4. Subsequently, this Court found that Anthony Wise, an owner, director and officer of the Debtors, was indebted to the Debtors for monies received from the Debtors over a period of many years, ending in April of 1983.[1] *In re Telemark,* 43 B.R. 579, 583 (Bankr.W.D.Wis.1984), *aff'd,* 47 B.R. 1013 (W.D.Wis.1985). Judgment

against Mr. Wise and in favor of the Debtors in the amount of $567,000 was entered on October 3, 1984. No part of this Judgment has been collected.

5. Telemark Employees Association (TEA) appears on behalf of employees claiming unpaid wages, tips and vacation pay earned during the period from December 16, 1982, to May 17, 1984.

6. A significant portion of the claims arose 90 days prior to the May 17, 1984, conversion of these proceedings.

7. On April 9, 1984, Mr. Wise told the employees that they would receive only one-half of wages earned during the March 26, 1984, to April 23, 1984, work periods, that he considered the unpaid wages a loan to the Debtors[2] and that it would be repaid during June and July of 1984.

8. On May 18, 1984, Mr. Wise told the employees "that he would repay [the] wages from the March 26–April 22 payrolls. He said that he was personally and morally responsible for these wages ..." Affidavit of Robert McClelland (filed Dec. 10, 1984).

9. TEA has applied for a determination that (1) the Debtors are holding funds in constructive trust for the employees, (2) the employees' claims are entitled to priority pursuant to 11 U.S.C. sec. 507(a), (3) the Trustee should make an interim distribution to the employees and (4) this Court has jurisdiction to find Mr. Wise personally liable on the employees' wage claims.

10. *Trust.* TEA maintains that the Debtors received employees' tips as the constructive trustees of those tips; and that a constructive trust should be declared as to wages earned but not paid for, *but see* 76 Am.Jur.2d *Trusts,* sec. 224 (1975) ("the failure to pay a debt, cannot in itself give rise to a constructive trust"), *In re U.S.N. Co.,* 32 B.R. 675, 677 (Bankr.S.D.N.Y.1983) ("claim for a constructive trust, unlike for breach of contract, is for specif-

---

**1.** Telemark Employees Association asserts that this figure includes monies that otherwise would have been paid to the employees.

**2.** Prior to May 17, 1984, the Debtors operated as the alter ego of Mr. Wise. *In re Telemark,* Paragraph 4 *supra.*

ic, identifiable property ..."), and *Hanson v. Valdiva*, 51 Wis.2d 466, 476, 187 N.W.2d 151, 156 (Sup. 1971) ("constructive trust can only be applied to specific *res* to which the party has acquired legal title").)

11. However, "[i]t is necessary to identify trust ... funds ... in order to follow and enforce the trust against the same; otherwise the beneficiary has only ... the right of a general creditor." 76 Am.Jur.2d *Trusts*, sec. 252 (footnotes omitted). *See Simonson v. McInvaille*, 42 Wis.2d 346, 352, 166 N.W.2d 155, 159 (Sup. 1969) (if a trustee commingles funds, trust may be enforced against any part of commingled trust funds which can be traced).

12. Recognizing that the Trustee in Bankruptcy received *no* funds when the Debtors' proceedings were converted to Chapter 7 of the Bankruptcy Code, TEA seeks to impress a trust on a portion of the Debtors' judgment against Mr. Wise.

13. TEA's assertion that "the Trustee's judgment against Anthony Wise includes some, if not all, of the employees lost wages", Memorandum in Support of Application (filed April 1, 1985), is not sufficient to trace any unpaid employee obligations to Mr. Wise's draws.

14. *Priority.* Administrative expenses allowed under 11 U.S.C. sec. 503(b) are entitled to a first priority. 11 U.S.C. sec. 507(a)(1).

15. Under section 503(b)(1)(A), "actual, necessary costs and expenses of preserving the estate, including wages ... for services rendered after the commencement of the case", are allowable as administrative expenses.

16. The Debtors' post-confirmation, pre-conversion costs and expenses did not preserve a bankruptcy estate. *U.S. v. Redmond*, 36 B.R. 932, 934 (D.Kan.1984) (taxes), *Abbott v. Blackwelder Furn. Co.*, 33 B.R. 399, 402 (W.D.N.C.1983) (consumer lay-a-way claims).

17. *Distribution.* Until it has been determined that the Debtors' assets are sufficient to satisfy claims of a higher

priority, distribution to the employees would be premature. *See In re Western Farmers Ass'n.*, 13 B.R. 132, 7 B.C.D. 1214 (Bankr.W.D.Wash.1981) (priority claim may not be paid until it is clear that claims of equal priority will be satisfied). No such determination has been made in this proceeding.

18. *Jurisdiction.* Any TEA claim against Mr. Wise personally is not sufficiently related to the Debtors' bankruptcy proceeding to fall within the jurisdiction of this Court. *Cf.* 28 U.S.C. sec. 1334(c)(1) (abstention).

## CONCLUSION OF LAW

TEA's application should be denied.

## ORDER

IT IS ORDERED THAT the Application filed in this matter by the Telemark Employees Association be, and the same hereby is, DENIED without costs.