In re David C. LARSON and Valerie A. Larson, Debtors.

Michael E. KEPLER, Trustee, Plaintiff,

v.

Daniel WOODS, Defendant.

Bankruptcy No. 96–32800–7.
Adv. No. 96–3196–7.

United States Bankruptcy Court,
W.D. Wisconsin.

Jan. 30, 1997.

Timothy J. Peyton, Kepler & Peyton, Madison, WI, for Plaintiff.

Lee D. Anderson, Jonathan Dudley and Kevin Mathews, Howard, Solochek & Weber, S.C., Milwaukee, WI, for Defendant.

MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

Richard Gehrke left his 1934 Chevrolet for sale on consignment at Capitol Corvette in November of 1995. Pursuant to the consignment agreement, David Larson, Capitol Corvette's sole proprietor, was not to sell the car for less than $37,500. On Sunday March 24, 1996, Mr. Larson took the car to a car show

and sold it to Mr. Woods for $35,000—$33,-300 in cash plus an offset of $1,700 which Mr. Larson owed Mr. Woods for various car parts. Mr. Woods signed a Used Motor Vehicle Purchase Contract and paid by check post-dated to March 25 with the understanding that Mr. Larson would deliver the car within two weeks. Mr. Larson deposited the check in his ordinary business account on March 27. By the middle of May, Mr. Larson still had not delivered the car, so Mr. Woods went to Capitol Corvette and demanded a full refund. On May 16, 1996, Mr. Larson wrote Mr. Woods a check for $34,700. Fewer than 90 days later, on July 11, 1996, this involuntary bankruptcy case was filed against Mr. Larson and relief was ordered.

Mr. Larson's bankruptcy trustee seeks to recover the $34,700 payment as a preferential transfer. Mr. Woods defends the transfer as not being a preference because Mr. Larson held bare legal title to the money which was held in an "actual or constructive trust." Alternatively, Mr. Woods asserts there was no preference because the payment was made in the "ordinary course of business" under § 547(c)(2). The ordinary course of business argument was rejected in a partial ruling from the bench at the close of evidence and will not be considered further in this decision.

■ To prevail under § 547(b)[1], the trustee must show: a transfer of the property of the debtor, to or for the benefit of a creditor, for or on account of antecedent debt, while the debtor is insolvent, within 90 days preceding the petition, and the creditor has received more than what the creditor would have received under Chapter 7. *Matter of*

*Smith,* 966 F.2d 1527 (7th Cir.1992). In this case, the only remaining issue under § 547(b) is whether the $34,700 transferred was property of the debtor. Mr. Woods claims Mr. Larson had no interest in the money because it was held in trust for the benefit of Mr. Woods. The trust arose because Mr. Larson, as consignee, had an obligation to pass the $34,700 to Mr. Gehrke, the consignor. Property in which the debtor holds bare legal title as trustee would not become property of the estate under § 541 and by extension should not be considered to have been the debtor's property for this preference analysis. *See Smith, supra.*

In the present case, Mr. Larson and Mr. Woods did not put the $34,700 in a trust account nor set up a formal trust. At best, Mr. Woods could claim to be the beneficiary of a constructive trust. "Generally, money paid to a debtor prior to bankruptcy by wrongdoing is impressed with a constructive trust that follows it into the hands of the estate." Collier on Bankruptcy, ¶ 541.13 (15th ed. 1992). Mr. Woods argues the "wrongdoing" was Mr. Larson's selling Mr. Woods a car that he could not deliver. If such a constructive trust arose, it did so under common law and not by operation of any statute. *Cf. Begier v. I.R.S.,* 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990). Furthermore, its purpose would not be the correction of an innocent mistake. *Cf. In re Unicom Computer Corp.,* 13 F.3d 321 (9th Cir.1994). It would be a remedy for the alleged fraud of Mr. Larson.

■ Under Wisconsin law, a constructive trust is a remedy to prevent unjust enrichment that results from actual or con-

1. 11 U.S.C. § 547(b) provides:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
  (1) to or for the benefit of a creditor;
  (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
  (3) made while the debtor was insolvent;
  (4) made—
    (A) on or within 90 days before the date of the filing of the petition; or

    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
  (5) that enables such creditor to receive more than such creditor would receive if—
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

structive fraud, duress, abuse of confidential relationship, mistake, commission of a wrong or any form of unconscionable conduct. *Prince v. Bryant*, 87 Wis.2d 662, 275 N.W.2d 676 (1978). While Mr. Larson may have been unjustly enriched because of his fraudulent dealings,[2] "the proponent of the constructive trust must be able to trace a *res*, identifiable in its original or substituted form." *In the Matter of Milwaukee Cheese Wisconsin, Inc.*, 164 B.R. 297 (Bankr. E.D.Wis.1993). Under Wisconsin law, "when trust funds are commingled with other funds, the trust may be enforced against any part of the commingled fund which can be traced into the hands of a trustee." *Simonson v. Mc Invaille*, 42 Wis.2d 346, 352, 166 N.W.2d 155 (1969).

■■ To prevail, Mr. Woods must identify his money. The $33,300 check went into the Capitol Corvette business account in March. In May, Mr. Larson wrote the $34,700 refund check on the same account. Between March and May Mr. Larson withdrew money and made deposits many times. Where money is commingled in an account and the account is subsequently partially depleted and restored, the "lowest intermediate balance" rule governs tracing. Dan D. Dobbs, *Dobbs Law of Remedies*, vol. 2 at 22 (2d ed. 1993). Thus, Mr. Woods must trace his $33,300 check—the *res*—to the $34,700 refund subject to the "lowest intermediate balance" rule.

The Seventh Circuit explained the "lowest intermediate balance" rule in *First Wisconsin Financial Corp. v. Yamaguchi*, 812 F.2d 370 (7th Cir.1987). Although the parties in *First* did not seek a constructive trust, they were in effect asking for the same remedy— the return of fraudulently-obtained money. The court explained the "lowest intermediate balance" rule in simple terms:

If $100 is deposited in an account, and later transactions occur, how much of the "original" $100 is left? If subsequent transactions are $200 in, $150 out, and $100 in, the answer is $100, for that amount was always there; but if subsequent transactions are $100 in, $150 out, and $100 in (actual balance $150), the answer is only $50, for that was the lowest balance at any time.

*Id.* at 375. In short, if the *res* of a constructive trust is commingled and subsequent withdrawals and deposits are made, the maximum traceable *res* is the "lowest intermediate balance."

If the account was overdrawn between the initial deposit and the date of the trust the "lowest intermediate balance" was zero. *See In the Matter of Vorbeck*, 1993 WL 726350 (Bankr.E.D.Wis.1993). Mr. Larson overdrew the Capitol Corvette account in April 1996. Capitol Corvette's April bank statements show a low balance of "6277.25OD" (Plaintiff's Exhibit 6). Although the specific date of the overdraft is not given, a zero or negative balance anytime during April 1996 is fatal to Mr. Woods' claim. Because the lowest intermediate balance was zero Mr. Woods cannot trace his $33,300 to the check he received in May. The *res* of the alleged trust was lost. Funds paid to Woods arose from subsequent deposits and would have been property of the bankruptcy estate if still on deposit on the date relief was ordered.

■■ The transfer of $34,700 on May 16 was a transfer of "an interest of the debtor in property," thus the trustee has established all the formal requirements of § 547(b). By definition a preference is a prepetition transfer in which a creditor gets paid in whole or in part at the expense of other creditors in the bankruptcy. Ginsberg & Martin, *Ginsberg & Martin on Bankruptcy*, § 8.02 at 8–5 (4th ed. 1996). That is precisely the effect of the May 16 payment to Mr. Woods.

---

**2.** Mr. Larson illegally sold on a Sunday for a price below that authorized by the owner a car for which he had no title on the representation it would be repaired and delivered within two weeks when he lacked the ability and presumably the intention to do so. Even if these facts are not conclusive of Mr. Larson's fraud, they are sufficient to require that this case be analyzed as if fraud had been proved.

Upon the findings and conclusions contained herein judgement may be entered in favor of the trustee in the amount of $34,700.