HRIBAR TRUCKING, INC., Plaintiff and Respondent, v. STATE and others, Defendants: Jos. D. BONNESS, INC., Defendant and Appellant.*

*January 9—February 4, 1964.*

---

* Motion for rehearing denied, with $25 costs, on March 31, 1964.

432

.

433

For the appellant there were briefs by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Edward D. Cleveland* of counsel, all of Milwaukee, and oral argument by *Mr. Cleveland.*

For the respondent there was a brief by *Weisman & Weisman* of Racine, and oral argument by *Jacob Weisman.*

GORDON, J.  The problem presented by this case is whether one who renders services to a subcontractor on a public-improvement project may assert an equitable claim against the prime contractor when the subcontractor fails to make payment in full to the one rendering the services. We must determine whether sec. 289.536, Stats., was intended to allow equitable recovery against a principal contractor upon a trust theory in favor of one who is a second-degree subcontractor.

At the outset it is clear that sec. 289.53 (1), Stats., is not applicable to provide relief to Hribar. That section applies to legal liens, and this court has said that the supplier of a subcontractor of a contractor does not have a legal lien under sec. 289.53 (1). *Lehmann Tire & Supply v. Mashuda Construction Co.* (1961), 14 Wis. (2d) 176, 109 N. W. (2d)

650. The scope of sec. 289.536 is broader than sec. 289.53 (1). This was suggested in *Morris F. Fox & Co. v. State* (1938), 229 Wis. 44, 49, 281 N. W. 666, where this court quoted the following with approval:

"The term 'claim' is more comprehensive than 'lien,' and includes nonlienable items, so long as they are germane to performing such contract upon the public work. The legislature evidently intended that the rights of those contributing their labor or materials to the public work should be protected above other creditors whose claims bear no relation to the public improvement."

Under sec. 289.536, Stats., a subcontractor who furnished labor or material to a principal contractor on a public-improvement job but who did not qualify for the legal lien provided for in sec. 289.53 (1), might attain some protection under sec. 289.536. For example, if the subcontractor failed to give the written notice to the public authority within the time required for a legal lien under sec. 289.53 (1), such subcontractor could fall back on sec. 289.536 if the contractor diverted funds. However, a second-degree subcontractor, like Hribar, cannot qualify under either statutory section.

To permit the respondent Hribar to qualify under sec. 289.536, Stats., the court would be required to make the tacit finding that Bonness had perpetrated a crime, since the statute is framed in terms of theft. Bonness' contractual relationships with Buckley were somewhat complicated. However, there is no indication that Bonness was a party to Buckley's default as to Hribar. The amount claimed by Hribar against Bonness is over $11,000, but only $119.99 was paid by Bonness to Buckley after Bonness received notice of the default.

On the facts of the instant case, it seems inequitable to conclude that Hribar should be permitted to hold Bonness under a statute which denominates the prohibited conduct

as "theft." Furthermore, if the legislature had intended to provide that one who furnishes services to a subcontractor on a public-improvement project could have equitable relief against the prime contractor (who may have paid the defaulting subcontractor in full), we believe that such change in public policy would have been more explicitly stated in the statute. Having paid Buckley in full, Bonness cannot be made a guarantor with reference to the ultimate receipt of payment by Hribar, with whom Bonness had no privity of contract.

Our holdings in *Murphy v. National Paving Co.* (1938), 229 Wis. 100, 281 N. W. 705, *Theiler v. Consolidated Indemnity & Ins. Co.* (1933), 213 Wis. 171, 250 N. W. 433, and *Danischefsky v. Klein-Watson Co.* (1932), 209 Wis. 210, 244 N. W. 772, do not warrant the conclusion urged by the respondent. Such authorities would be helpful to the plaintiff if Hribar were a subcontractor in privity of contract with Bonness and if Bonness had diverted the funds it received under the contract and paid claims which were unrelated to the public-improvement project. The record will not support the conclusion that Hribar stood in the relationship of a subcontractor to Bonness, nor does the record support the conclusion that Bonness improperly diverted funds. Money paid to Buckley was in turn paid out by Buckley for unrelated work, but this was not a diversion on the part of Bonness; it was the result of Buckley's failure to specify the account to be credited by Hribar.

*By the Court.*—Judgment reversed.