Morris F. Fox & Company, Appellant, vs. The State and others, Defendants: Wisconsin Foundry & Machine Company, Respondent.

*September 13—October 11, 1938.*

*Robert B. Ells* of Milwaukee, for the appellant.

For the respondent there was a brief by *Crownhart & Murphy,* attorneys, and *F. C. Grandy* of counsel, all of Madison, and oral argument by *Mr. Grandy* and *Mr. Robert B. L. Murphy.*

FAIRCHILD, J. When this action was begun, the state highway commission had in its possession money which had been set aside to pay L. L. Tindall, a contractor, for work done on a highway improvement designated as Federal Aid Project No. 394–D. Plaintiff and the defendants are creditors of Tindall who filed claims against the fund. This appeal raises a question as to which was entitled to priority in the matter of payment. The Wisconsin Foundry & Machine Company was the only defendant appearing in the action, so that the contest is between it and Morris F. Fox & Company.

The trial court ruled that the claim of Wisconsin Foundry & Machine Company had priority over the claim of plaintiff. Accordingly the money was paid into court by the commission, and was then paid over to the Wisconsin Foundry & Machine Company. Whether the trial court ruled correctly under the stipulation of the parties depends upon the character of the claims and upon the construction of two statutes.

The claim of Morris F. Fox & Company against Tindall arose out of the purchase of securities by Tindall, and was not related to the highway project. It was reduced to judgment prior to completion of the project, and this judgment was filed with the highway commission on February 21, 1933. On March 9, 1933, the plaintiff informed the commission that it had taken an assignment in partial satisfaction of the judgment, and this assignment was filed on March 10, 1933, in place of the judgment. By the terms of the assignment, L. L. Tindall assigned to Morris F. Fox & Company "the sum of $1,000, to be paid to them out of any balance or estimate which shall be the final balance or estimate due to me on Project No. 394–D." On October 10, 1933, the plaintiff filed two judgments on cognovit notes of Tindall which it had taken at the time of the assignment.

The work on Project No. 394–D was completed and was accepted by the highway commission on October 26, 1933.

There was then a balance of $797.71 in the hands of the commission.

On March 23, 1936, the defendant Wisconsin Foundry & Machine Company filed notice of claim with the commission, and on May 22, 1936, it filed further notice that it had become the owner, by assignment, of five other claims. From an affidavit of L. L. Tindall it appears that these claims which were assigned to Wisconsin Foundry & Machine Company were for rental of equipment used on the project, for repair of such equipment, including repairs to trucks, and for supplies and tools necessarily used directly on the project. In its answer the Wisconsin Foundry & Machine Company admitted that none of these claims were lienable claims under the Wisconsin statutes, but relied upon their status as "related" claims. The record shows that a large number of other claims were filed with the highway commission. Some of these the commission paid, others were paid by the contractor, and some the commission marked invalid for want of prosecution.

The statutes in question are secs. 289.53 and 304.21, both of which have been recently amended. Sec. 289.53, which is included in the statutory chapter dealing with liens of all kinds, was amended by chs. 83 and 316, Laws of 1933, effective April 21, 1933, and June 29, 1933. For convenience, italics will be used to indicate words added to the statute by the amendments, and a part of the section will be omitted. The statute then reads:

"(1) Any person, firm or corporation furnishing any materials, *to be used or consumed in making such public improvement or performing such public work, including without limitation because of specific enumeration fuel, lumber, building materials, machinery, vehicles, tractors, equipment, fixtures, apparatus, tools, appliances, supplies, electric energy, gasoline and other motor oil, lubricating oil, and greases,* apparatus, fixtures, machinery or labor, including the premiums for workmen's compensation insurance, to any contractors

for public improvements in this state . . . shall have a lien on the money, or bonds, or warrants due or to become due such contractor for such improvements; providing, such person, firm or corporation shall, before the payment is made to such contractor, notify the officials . . . of his claim by written notice. . . .

"(4) All moneys, bonds or warrants paid to, or to become due to any principal contractor or subcontractor for public improvements shall be and constitute a trust fund in the hands of such principal contractor or subcontractor; the using of such moneys by such principal contractor or subcontractor for any purpose other than the payment of all claims on such public improvement so far as such moneys will pay the same is hereby declared to be an embezzlement of said moneys punishable as provided by law in case of embezzlement."

The amendment of this statute, indicated by the italics above, followed the decision in *Muller v. S. J. Groves & Sons Co.* (1931) 203 Wis. 203, 233 N. W. 88, in which it was held that sec. 289.53 (1) provided a lien which was coextensive with that given by the mechanics' lien statute. In that case the claim held not lienable was for rental of a rock crusher which, the court said, was used to displace manual labor rather than to promote its effectiveness, and the claim was therefore not within the statute.

It is evident that the purpose of the legislature in amending sec. 289.53 (1) was to enlarge the class of lienable claims. Because of the stipulation in the present case that the claims of Wisconsin Foundry & Machine Company were not lienable, it must be assumed either that the parties regarded them as without the statute, or that they are claims which arose before the amendment. The case is therefore decided upon the assumption that the claims were not lienable, but without establishing any precedent as to their lienability under the amended statute.

The Wisconsin Foundry & Machine Company relies upon sec. 289.53 (4), and contends that it creates a class of claims

more inclusive than the class of lienable claims created by sec. 289.53 (1). It is suggested that this large class of claims may be referred to as "related claims" and that "all claims on such public improvement" are to be classed as related claims.

Under sec. 289.53 (4), the fund in question, had it come into the hands of Tindall, would have constituted a trust. An assignment covers only what the assignor may lawfully claim. While the money affected by the assignment never at any time actually reached the hands of the contractor, the owners of related claims were none the less protected. The dominion of the contractor, or of his assignee, over the fund in question, was limited by the use to which it could be put under the statute. To permit the contractor by assignment to release the fund from the obligation to pay related claims would be to accord to him a means of defeating the very purpose which the legislature intended to accomplish, namely, the protection of persons who furnish services or materials in order to enable the contractor to carry out his public contract.

We feel that the trial court was correct when it said:

"The term 'claim' is more comprehensive than 'lien,' and includes nonlienable items, so long as they are germane to performing such contract upon the public work. The legislature evidently intended that the rights of those contributing their labor or materials to the public work should be protected above other creditors whose claims bear no relation to the public improvement."

Sec. 304.21 (1), Stats. 1931, provided as follows:

"(1) Whenever any person, firm or corporation shall recover a judgment against any person, firm or corporation, and said judgment debtor at the time of the rendition of said judgment, or at any time thereafter during the life of said judgment, shall have money due, or to become due, from the state or any city . . . said judgment creditor may file a certified copy of such judgment with the secretary of state

or with the clerk of such county; . . . provided that this section shall not apply to any moneys due a contractor engaged upon public work until all claims and expenses of performing such contract have been paid."

This section, which was not amended by the 1933 legislature, was determinative of the rights of Morris F. Fox & Company at the time it filed the assignment and judgments in 1933. As there were in existence, to the knowledge of the commission, claims and expenses of performing the contract for Project No. 394–D, Morris F. Fox & Company was not entitled to payment out of the fund when the project was completed, nor until such time as all related claims and expenses had been paid.

When the legislature amended sec. 304.21 by ch. 191, Laws of 1935, it adhered to the policy of giving priority to related claims. The first sentence of sub. (4) of the amended statute gives the same priority to related claims and expenses as was given by the proviso at the end of sub. (1) in the 1931 and 1933 statutes. It becomes clear, in view of references to sec. 289.53 in the amended statute, that claims which are related but are not lienable are to have priority over totally unrelated claims.

Inasmuch as related claims were known to exist at the time that the present action was begun, we are of the opinion that the trial court properly granted to those related claims priority over the unrelated claims of Morris F. Fox & Company.

*By the Court.*—Judgment affirmed.