Visser and others, Plaintiffs and Appellants, v. Koenders, Defendant: Calhoun, Trustee in Bankruptcy, Defendant and Respondent.

*February 4—March 3, 1959.*

For the appellants there were briefs by *E. W. Hooker*, attorney, and *L. V. Kaminski* of counsel, both of Waupun, and oral argument by *Mr. Hooker*.

For the respondent there was a brief and oral argument by *Ervin A. Weinke* of Fond du Lac.

BROWN, J.    It is self-evident that the trustee for a bankrupt is charged with a duty to collect debts from persons owing money to the bankrupt and, under the direction of the bankruptcy court, to apply such collections to the payment of the bankrupt's obligations.  Because of certain circumstances alleged in the complaint, plaintiffs submit that in this instance the trustee does not have the usual interest in certain debts which are ordinarily due the bankrupt.  These facts and circumstances are:

Koenders employed Marwitz to build a house for him. Before Koenders' payments to Marwitz were completed for the house, Marwitz was adjudicated a bankrupt and defendant Calhoun was appointed trustee.  Thereafter the present action was begun.

The plaintiffs-appellants are subcontractors in the construction of the house for which they furnished labor and materials.  They do not assert that they gave notice of subcontractors' liens against Koenders' house.

Appellants rely on sec. 289.02 (4), Stats.  Applying the part material to this case, sec. 289.02 (4) provides that

when an owner (let us call him so) pays money to the principal contractor for improving the owner's property, such money constitutes a fund in the contractor's hands in trust for the purpose of paying the subcontractors, laborers, and materialmen whom the contractor employed to furnish services or material in improving the owner's real estate; and a diversion by the contractor of such funds to other purposes before the subcontractors, etc., have been paid is a theft by the contractor.

From this statute appellants reason that the trust exists always for the benefit of subcontractors, laborers, and materialmen,—declared so expressly by the statute when payment has come into the hands of the principal contractor, but equally declared so by equity, the owner being now the trustee, if the subcontractors, etc., are unpaid while the money is still in the owner's bank account or pocket. Hence, the plaintiffs say, they are the equitable owners of Koenders' money, to the extent of their claims; and until their claims are satisfied the trustee in bankruptcy who stands in Marwitz's shoes may not collect, and has no interest in, the debt which one would normally suppose is owed to Marwitz by Koenders.

We cannot agree with plaintiffs that such an equitable trust arises from these circumstances.

The trust in favor of the plaintiffs arises not from general principles of equity but is the creature of statute when the conditions prescribed by sec. 289.02 (4), Stats., appear. The principal condition is, first of all, that the money shall have been paid to the contractor by the owner. Without the aid of this statute there is no trust. Equity will not amend the statute which created the trust by declaring that the statutory requirement is immaterial to the existence of the trust fund.

Equity has a well-known maxim that equitable relief will be denied to a complainant who has slept on his rights. Failure to take timely protection of subcontractors' lien rights given them by sec. 289.02 (1), Stats., places appellants in a position where equity is not disposed to invent a relief in place of the relief which was available to them but which they ignored.

We concur in the learned trial judge's memorandum decision that plaintiffs' complaint did not show facts sufficient to constitute a cause of action. It was not necessary then, or now, to rule upon the demurrer based on the lack of jurisdiction. The demurrer was properly sustained with leave to plaintiffs to plead over.

*By the Court.*—Order affirmed.