WEATHER-TITE COMPANY OF MILWAUKEE, INC., Appellant, v. LEPPER, Respondent.

*September 3—September 29, 1964.*

For the appellant there was a brief by *Lakes & Marcuvitz* of Milwaukee, and oral argument by *Alan Marcuvitz.*

For the respondent there was oral argument by *Maurice Wigderson* of Mequon.

FAIRCHILD, J.   Sec. 289.02 (4), Stats., provides:

"The proceeds of any mortgage on land, paid to any principal contractor or any subcontractor for improvements upon the mortgaged premises and all moneys paid to him by any owner for improvements, constitute a trust fund in the hands of any such contractor or subcontractor to the amount of all claims due and to become due or owing from such contractor or subcontractor for labor and materials used for such improvements until all such claims have been paid; and the use of any of such moneys by any contractor or subcontractor for any other purpose until all claims, except those which are the subject of a bona fide dispute, have been paid in full, or pro rata in cases of a deficiency, is theft of moneys so misappropriated."

Plaintiff contends that as a supplier of "materials used for such improvements" it is a beneficiary of the statutory trust of the moneys paid by the homeowners to the contractor, and that defendant, by expending such funds to others than beneficiaries before paying the amount due plaintiff, converted the funds and became personally liable to plaintiff. The trial court was of the opinion that the statute was not applicable to materials furnished without designation as to specific jobs.

The statutory trust fund of moneys paid by an owner to the contractor was originally established for the payment of "claims due for labor and materials to persons entitled to a lien by law against said owner or his property, . . ." [1]

---

[1] Ch. 213, sec. 3, Laws of 1913.

This language was interpreted in *Pauly v. Keebler* [2] as excluding all persons who had been entitled to a lien but had lost that right by failing to take the necessary steps to perfect a lien. The statute was amended in 1935 so as to cover claims due or to become due "for lienable labor and materials." [3] In 1955 the legislature amended the statute by dropping the word "lienable" and provided for a trust in the amount of all claims due or to become due "for labor and materials used for such improvements . . ." [4]

Plaintiff-appellant admits that prior to 1955 it would have no claim to the protection of the statutory trust as it supplied the materials without designation as to specific jobs and thus had no right to a lien. [5] Plaintiff contends, however, that since the 1955 amendment it need not have a lienable claim in order to come within the protection of the statute. Defendant argues that the 1955 amendment was not designed to eliminate the requirement that the materials be furnished with specific projects in mind, and that materials sold without designation as to use were not meant to come within the statutory trust. Indeed, the following comments of the drafter on file with the legislative reference library tend in some degree to support his position:

"Purpose to compel preservation of trust fund and liability for embezzlement whether subcontractors file liens or not and to full extent of their claims whether time for filing liens therefore have expired or not. This was apparent original intent of legislature which has been so undermined by judicial construction as to leave the section of little practical effect."

However, before a court may review matters outside the statutory language in order to determine the meaning intended by the legislature, the statute as such must present

---

[2] (1921), 175 Wis. 428, 185 N. W. 554.

[3] Ch. 483, sec. 87, Laws of 1935.

[4] Ch. 78, Laws of 1955.

[5] See *Esslinger v. Huebner* (1868), 22 Wis. 602 (*632), 604 (*634), 605 (*635).

some ambiguity. Where a statute is plain and unambiguous, interpretation is unnecessary.[6]

As we recently stated:[7]

"A statute or portion thereof is ambiguous when it is capable of being understood by reasonably well-informed persons in either of two or more senses. There is no ambiguity in the literal terms of the provision under consideration and it is often said that when the words are plain there is no room for judicial construction.

". . .

"Primarily, however, the meaning must be read from the language chosen by the legislature, and the courts are not free to determine whether different provisions would have been enacted if the legislators had given some or greater attention to the application of the statute upon a particular set of facts."

Clearly plaintiff has supplied "materials used for such improvements" and the statute requires no more. It is stipulated that the materials supplied by plaintiff were incorporated by Super Seal into building improvements, and that the owners of such buildings paid Super Seal for its work. The statute makes no other requirement than that the materials be "used for such improvements;" it leaves no room for judicial construction. Defendant, having expended the trust funds for purposes other than the payment of claims as provided in the statute, is a converter of those funds and personally liable to plaintiff for the amount of its claim.[8]

*By the Court.*—Judgment reversed, and cause remanded for the entry of judgment for plaintiff.

---

[6] *Estate of Ries* (1951), 259 Wis. 453, 49 N. W. (2d) 483, 50 N. W. (2d) 397; *State ex rel. Badtke v. School Board* (1957), 1 Wis. (2d) 208, 83 N. W. (2d) 724.

[7] *State ex rel. Neelen v. Lucas* (1964), 24 Wis. (2d) 262, 267, 268, 128 N. W. (2d) 425.

[8] See *State ex rel. Kropf v. Gilbert* (1933), 213 Wis. 196, 251 N. W. 478.