IN RE VOLUNTARY ASSIGNMENT FOR BENEFIT OF CREDITORS OF BOSSELL, VAN VECHTEN & CHAPMAN: ARMCO STEEL CORPORATION, Appellant, v. HOPPE, Assignee, Respondent.

*February 3—March 1, 1966.*

216

For the appellant there were briefs by *Roberts, Boardman, Suhr & Curry,* attorneys, and *Thomas G. Ragatz* of counsel, all of Madison, and oral argument by *Mr. Ragatz.*

For the respondent there was a brief by *Hill, Miller & Quale,* attorneys, and *James H. Hill, Jr.,* of counsel, all of Baraboo, and oral argument by *James H. Hill, Jr.*

HALLOWS, J.   The trial court in denying a preferred status to the claim under sec. 289.536, Stats.,[1] concluded that claimant Armco has no claim under the section be-

---

[1] *289.536* "THEFT BY CONTRACTORS. All moneys, bonds or warrants paid to, or to become due to any principal contractor or subcontractor for public improvements are a trust fund in his hands; and the use of such moneys by him for any purpose other than the payment of claims on such public improvement, before such claims have been satisfied, constitutes theft."

cause there has been no theft or misappropriation of the trust funds by Streu, the contractor. In so deciding, the trial court misread certain language in *Hribar Trucking, Inc., v. State* (1964), 22 Wis. (2d) 431, 435, 126 N. W. (2d) 52, to wit:

"To permit the respondent Hribar to qualify under sec. 289.536, Stats., the court would be required to make the tacit finding that Bonness had perpetrated a crime, since the statute is framed in terms of theft."

This language and other references to the word "theft" as it appears in the statute must be read in the light of the facts of *Hribar*.

There, a second-degree subcontractor (Hribar) sued a prime contractor (Bonness) claiming a breach of trust under sec. 289.536, Stats., although the prime contractor had paid in full its subcontractor, the debtor of the claimant. This court would not find the prime contractor had misappropriated funds and thus committed a theft in paying its subcontractor. Our opinion went on to explain that the statute does not make a prime contractor a guarantor of the ultimate receipt by one with whom the prime contractor had no privity of contract when he had properly paid the trust fund to those with whom he was in privity.

A misappropriation by a contractor or subcontractor constituting a theft is not essential or a condition precedent to recovery under sec. 289.536, Stats. Any other construction is unwarranted. Until the *Hribar Case*, there was no indication in the decisions construing sec. 289.536 or in the history of the section that a theft was a condition precedent to the creation of a trust. Nor does the language of the section require such interpretation.

The language of the section creates a trust of funds due or to become due in payment for a public improvement for the benefit of claims directly related to such public improvement and a breach of that trust by a contractor or subcontractor constitutes a theft. Designating a

breach of the trust a theft is an added sanction to insure the compliance by a contractor or subcontractor of his trust obligation to pay project claims which he owes from project payments. There is no theft under the section unless there first exists a trust and a breach and the existence of the trust depends upon the existence "of claims on such public improvement" for which the money, bonds, or warrants are paid or become due to either the principal contractor or the subcontractor.

In *Morris F. Fox & Co. v. State* (1938), 229 Wis. 44, 281 N. W. 666, we stated the purpose of the section was protection of the person who furnished services or material to enable the contractor to carry out his public contract and such creditors were to be preferred to his creditors whose claims bore no relationship to the public improvement. Consequently, we there held the contractor could not assign part of the money due him from the state highway department to pay unrelated claims as against related claims coming under the section, then designated as sec. 289.53 (4), Stats. Conversely, it was held in *Danischefsky v. Klein-Watson Co.* (1932), 209 Wis. 210, 244 N. W. 772, that no trust arose unless there existed a claimant who qualified as a beneficiary under the section.

There is no question that Armco as supplier of the subcontractor is a trust beneficiary as against such subcontractor. While the claims may not be lienable under sec. 289.53 (1), Stats., *Lehmann Tire & Supply v. Mashuda Construction Co.* (1961), 14 Wis. (2d) 176, 109 N. W. (2d) 650, the test of a beneficiary is whether the claim is related to or grows out of the public improvement for which the money is paid or owing. *Murphy v. National Paving Co.* (1938), 229 Wis. 100, 281 N. W. 705. See Konnak, Work of the Wisconsin Supreme Court —Remedies, 1940 Wisconsin Law Review, 88, 90.

There are two other sections in the statutes which establish trusts and also provide that the breach thereof constitutes theft as applied to a contractor under specific

conditions. See secs. 235.701 and 289.02 (4), Stats. These sections generally cover funds or mortgage proceeds related to private projects and improvements, and the language of the sections leaves no doubt that theft is not a condition precedent to the establishment of the trust or of recovery.

If a theft were a requirement of recovery, the statute would be of little practical value and would not fulfil the purpose for which it was created. Once the theft has occurred, the funds are gone and the contractor is usually insolvent, as in this case. At this stage the statute would be of very little help or protection to a claimant. Since sec. 289.536, Stats., affords protection from an assignment by a contractor of such funds to unrelated claims, certainly such protection should be afforded prior to any such assignment or any unauthorized use of the funds where the funds are still in the contractor's possession or control.

The *Hribar Case* was correctly decided but it does not control this case because its facts are essentially distinguishable from those in the instant case. In *Hribar*, which involved a second-degree relationship, the subcontractor of the subcontractor sought to be paid under sec. 289.536, Stats., from funds in the hands of the prime contractor, who had already paid in full his debt on the public project to his subcontractor, the debtor of the plaintiff. This does not mean a second-degree subcontractor cannot recover under the section on other facts.

In the instant case we do not have, in fact, a second-degree relationship. The prime contractor claims no right or interest in the fund and admits it owes the money to the subcontractor. The claim here asserted is not against the prime contractor with whom the claimant had no privity of contract but against the subcontractor with whom the claimant was under contract as a subcontractor. Simply, this is a claim by a creditor directly against his debtor who has money admittedly owing by a third party. This money is sought to be subjected to the claim. The

prime contractor thus stands somewhat as does a garnishee defendant. The section requires the money owing the subcontractor be held as a trust fund for the payment of Armco's sub-subcontractor) claim against the subcontractor. If this money had been paid by the prime contractor to the respondent Hoppe as assignee of the subcontractor, Hoppe would have been required to hold it as a trust fund under sec. 289.536, Stats., for the subcontractor's creditors who could qualify with claims related to the public improvement for which the payment was made.

The respondent argues sec. 289.536, Stats., is not applicable because the funds do not arise out of a public improvement, relying on sec. 66.54 (1) (d), for a definition of "public improvement." We do not consider that section applicable because it concerns special improvement-bond certificates and its definition of public improvement is limited to that section and purpose. The state-highway-commission projects herein involved, including the Portage-Relief Route Highway, are public improvements. A highway for public use constructed with public funds pursuant to a contract between the state highway commission and a private contractor is the type of public improvement which is contemplated by sec. 289.536. See *Ozaukee Sand & Gravel Co. v. Milwaukee* (1943), 243 Wis. 38, 9 N. W. (2d) 99; and *Blaser v. Don Ganser & Associates, Inc.* (1963), 19 Wis. (2d) 403, 120 N. W. (2d) 629.

*By the Court.*—Order reversed, with directions to enter an order directing the payment of the claim of the appellant out of funds held by Streu and constructively in the possession of the respondent.

HEFFERNAN, J., took no part.