In the Matter of **MERCURY HEATING CO., Inc., Bankrupt.**

**WISCONSIN FURNACE SUPPLY CORPORATION, a corporation, Petitioner-Applicant,**

v.

**Emanuel T. KROOG, Trustee of Mercury Heating Co., Inc., Respondent.**

**No. 67–B–1540.**

United States District Court, E. D. Wisconsin.

Jan. 29, 1971.

Shea, Hoyt, Greene, Randall & Meissner, by Hamilton T. Hoyt, Milwaukee, Wis., for petitioner-applicant.

Milton M. Cohn, Milwaukee, Wis., for respondent.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The petitioner supplied materials to the bankrupt. Some three months prior to the bankrupt's voluntary petition for bankruptcy, the petitioner commenced actions in the circuit court of Milwaukee County resulting, during the pendency of the bankruptcy, in a judgment against the bankrupt for the money owing on these jobs and garnishment orders against the owners of the three parcels upon which the bankrupt was the principal contractor and the petitioner was the materialman. These funds were required to be paid to the clerk of the circuit court of Milwaukee County. The trustee in bankruptcy voluntarily became a party to the garnishment actions.

By order of the referee in bankruptcy, the funds resulting from these actions were turned over to the trustee. The petitioner then filed a priority claim against the funds, which amounted to $6,975, contending that such money composed a trust fund under § 289.02(5), Wis.Stats. The petitioner bases its application for release of the $6,975, which the referee denied, on § 67(b) of the bankruptcy act (11 U.S.C. § 107).

The referee has certified the following questions for review:

"1. Did the Bankruptcy Court have summary jurisdiction under Section 67(a) of the Bankruptcy Act to hear and consider the petition of the Trustee to invalidate certain garnishment liens obtained by Wisconsin Furnace Supply Corporation in the Cir-

cuit Court for Milwaukee County, Wisconsin?

"2. Did the Court err in holding that said garnishment liens were invalid because they were obtained within four months of bankruptcy by legal proceedings while the bankrupt was insolvent?

"3. Did the Court err in holding that said funds did not constitute a trust fund under the provisions of Section 289.02(5) of the Wisconsin Statutes?"

It is the opinion of this court that the bankruptcy court did have summary jurisdiction under § 67(a) of the bankruptcy act to invalidate the garnishment liens; that the referee was correct in holding that such liens were invalid because they were obtained within four months of bankruptcy while the bankrupt was insolvent; and that the referee was also correct in holding that said funds did not constitute a trust fund under § 289.02(5), Wis.Stats.

The trustee argues persuasively that any constructive trust created by the state court action must fail because it was perfected within four months of the bankruptcy, at a time when the bankrupt was known to be insolvent. Thus, it does not qualify as a priority claim under § 67(a) of the bankruptcy act. In order to have a valid statutory lien which would have priority under § 67(b) of the bankruptcy act, the petitioner would have had to have perfected his statutory materialman's lien in accordance with § 289.02, Wis.Stats.

The pertinent portion of § 289.02(5), Wis.Stats., reads:

" * * * All moneys paid to any prime contractor * * * by an owner for improvements, constitute a trust fund in the hands of the prime contractor * * * to the amount of all claims due or to become due or owing from the prime contractor * * * for labor and materials used for the improvements until all the claims have been paid."

It is only the money actually paid to the contractor by the owner for improvements that constitutes a trust for the benefit of those who have furnished materials or labor. Since the debts owed by the garnishee defendants were not paid to the bankrupt contractor before bankruptcy, these debts were not impressed with an actual trust, either in the hands of the garnishee defendants or when paid to the trustee. Visser v. Koenders, 6 Wis.2d 535, 95 N.W.2d 363 (1959). They constituted, instead, a constructive trust whose basis was the suit to which the garnishment actions are ancillary, which suit, having been commenced within four months of bankruptcy, is invalid under § 67(a) of the bankruptcy act. The referee did not err in assuming jurisdiction over this matter.

Unlike the situation in In Re Trailer Transit, 96 F.Supp. 571 (D.Minn.1951), wherein a garnishment lien was held valid, the funds in the case at bar never constituted either a trust or an inchoate trust; they would have become impressed with a trust and entitled the petitioner to a priority had they actually come into the hands of the bankrupt contractor a sufficient time before the bankruptcy. However, in light of the events as they took place, the petitioner, along with any laborers or subcontractors who might have money due and owing from Mercury Heating Co., must take its place along with the other creditors of the bankrupt for its pro rata share of the assets (including the accounts receivable) of the bankrupt.

Thus, the referee's decision that the claim of Wisconsin Furnance Supply did not qualify as a priority claim was not clearly erroneous.

Now, therefore, it is ordered that the order of the referee in bankruptcy be and hereby is affirmed.