CHARLES A. POLLEX, District Attorney Adams County
You indicate that Adams County presently has a tract index system which is insufficient in that it has not been currently maintained. The first question presented is whether sec. 59.55, Stats., provides the board of a county having a population of less than 500,000 with authority to contract with a private person for the completion of a new tract index.
Section 59.55 (4), Stats., grants the board of any county broad discretion when it comes to ordering a new and corrected index, and provides in pertinent part:
 "Whenever in the judgment of the county board of any county any existing tract index or indices become unfit for use, because of mistake therein or of imperfection in or insufficiency of plan, or because of becoming . . . unserviceable or unreliable for any reason the county board may at any meeting thereof, by resolution, order a new and corrected set of tract indices . . . and . . . contract with any competent person to do said work, at a price not exceeding five cents per folio . . . ." (Emphasis added.)
Statutes are to be initially viewed in light of the plain and ordinary meaning of their language and as a general rule, where a statute is plain and unambiguous, interpretation is unnecessary.Weather-Tite Co. v. Lepper (1964), 25 Wis.2d 70, 74,130 N.W.2d 198. *Page 259 
Under the facts as you present them, it would therefore be permissible for the Adams County Board to adopt an appropriate resolution ordering a new and corrected tract index. It would likewise be permissible for the board to contract with a competent person for the services incident to the compilation of an index if, in its judgment, a new and corrected system is necessary.
You have also inquired about the county board's authority to contract with a private person for the day-to-day maintenance of the tract index.
Section 59.55 (4), Stats., is silent with respect to the day-to-day maintenance of a new and corrected tract index, or even alterations, changes or additions to the system.[1]
A county has only such power as is conferred upon it by statute, expressly or by clear implication. Frederick v. DouglasCounty (1897), 96 Wis. 411, 418, 71 N.W. 798; Maier v. RacineCounty (1957), 1 Wis.2d 384, 84 N.W.2d 76. Had the legislature intended to authorize a county to contract for the day-to-day maintenance of a tract index, it could have expressly done so, placing a limitation on the compensation to be paid as it did with the basic compilation provisions of sec. 59.55 (4), Stats. See the Fourth Biennial Report and Opinions of the AttorneyGeneral (1908), p. 894, wherein the same rationale was followed, concluding that a county could not contract for the compilation of the first or initial tract index.
Therefore, while the Adams County Board can order a new and corrected tract index and enter into a contract with a competent person for such purposes, I am of the opinion that the board is without authority to contract for the day-to-day maintenance of the system.
Your final question asks whether a county can require a bond to assure proper performance by the person with whom it contracts for the compilation of a new and corrected tract index.
It has long been the general rule that a register of deeds, required by law to keep a tract index, is liable on his official bond *Page 260 
for damages sustained as the result of the negligent compilation of a tract index. Johnson v. Brice (1899), 102 Wis. 575,78 N.W. 1086. Also see 30 OAG 440 (1941), and 63 OAG 254 (1974).
To my knowledge, there are no reported Wisconsin cases treating similar liability issues where the tract index was prepared by a person other than a register of deeds. It is entirely conceivable, however, that claims could be made directly against the register of deeds who has long been held primarily responsible for the preparation and upkeep of the tract index. See 1 OAG 493 (1912), 12 OAG 503 (1923); and sec. 59.51 (3), Stats.
There is no doubt but that it would be in the public's best interest to require the person performing such services to obtain a bond protecting the county and its officers against claims that might arise out of the compilation of the tract index.
Section 59.55 (4), Stats., places no limitations on the contract authorized therein other than on the price to be paid per folio. Section 59.01, Stats., provides that a county is empowered to make such contracts and to do such other acts as are necessary and proper to the exercise of the powers and privileges granted and the performance of the legal duties charged upon it. When these sections are read together, it is clearly implied that the county board would be properly discharging its legal duties by requiring, as part of the procurement process, that the vendee obtain a bond to protect the county and appropriate county officers from claims stemming from errors in or omissions from the final corrected tract index. Maier v. Racine County, supra.
Lastly, I call to your attention that the county board has the authority to procure insurance or bonds to protect the county and the public against liability, loss or damage resulting from any act, neglect or default of its officers, department heads and employes. Sec. 59.07 (2) (d), Stats.
BCL:MEP
[1] In comparison, sec. 59.55 (2), Stats., provides that the county board of supervisors, in counties having a population of 500,000 or more, may also supplement the contract for the compilation and completion of alterations, change or additions to the system. Even in this instance, the register of deeds must "maintain and keep up" the system once completed pursuant to such contract(s). *Page 261