**In re Regina SCHULTZ, Kenneth Gray, Debtors.**

**BUILDING TRADES UNITED PENSION TRUST FUND—Milwaukee & Vicinity, Carpenters District Council Welfare Fund, Carpenters District Council Vacation Fund, and Carpenters Joint Apprenticeship Program, Plaintiffs,**

**v.**

**Regina SCHULTZ and Kenneth Gray, Defendants.**

**Bankruptcy Nos. 79–01939, 79–01940. Adv. Nos. 79–0006, 79–0007.**

United States Bankruptcy Court, E. D. Wisconsin.

Oct. 7, 1980.

Bernard O. Westler, Milwaukee, Wis., for Plaintiffs.

James J. Caldwell, Oconomowoc, Wis., for Defendants.

## MEMORANDUM DECISION

C. N. CLEVERT, Bankruptcy Judge.

### I.

The issue in this case is whether the discharge of a debt may be denied under 11 U.S.C. § 523(a)(4) because the debtors' contracting businesses failed to make contributions to employee benefit plans as required by binding master labor agreements.

### II.

Prior to filing Chapter 7 bankruptcy petitions on October 9, 1979, the debtors were in the carpentry contracting business, first as partners in R. K. Construction (partnership) and after April 15, 1977, as the man-

aging officers of R. K. Construction, Inc. (corporation).

Both businesses agreed to be bound by master labor agreements between the Allied Construction Employers' Association, Inc., and the Carpenters' District Council and Vicinity which required them, as employers, to contribute to employee benefit plans maintained by the plaintiff based on hours worked by covered union employees. The labor agreements also provided that failure to make timely contributions would subject the partnership and the corporation to liquidated damages, interest on delinquencies, collection costs and attorneys' fees.

When the partnership and the corporation eventually defaulted in their payments to the employee benefit plans, the plaintiffs commenced a state action against the debtors on the labor agreements and obtained a default judgment in the amount of $14,-438.62, including contract damages, interest, attorneys' fees and costs.

During the trial in this case the debtors conceded that construction funds, at least equal to the amount of the plaintiffs' judgment, were used by them to pay general business debts other than the contributions due plaintiffs under the master labor agreements.

### III.

The plaintiffs maintain that the judgment debt owed to them is not dischargeable under 11 U.S.C. § 523(a)(4) because it is based upon the debtors' failure to pay labor claims as required by Wisconsin's theft by contractor statute. Wis.Stat. § 289.02(5) (1977).[1] The court agrees.

---

1. § 289.02(5) of the Wisconsin Statutes (1977) provides that:

    ... The proceeds of any mortgage on land paid to any prime contractor or any subcontractor for improvements upon the mortgaged premises, and all moneys paid to any prime contractor or subcontractor by any owner for improvements, constitute a trust fund only in the hands of the prime contractor or subcontractor to the amount of all claims due or to become due or owing from the prime contractor or subcontractor for la-

    bor and materials used for the improvements, until all the claims have been paid, and shall not be a trust fund in the hands of any other person. The use of any such moneys by any prime contractor or subcontractor for any other purpose until all claims, except those which are the subject of a bona fide dispute and then only to the extent of the amount actually in dispute, have been paid in full or pro rata in cases of a deficiency, is theft by the prime contractor or subcontractor of moneys so misappropriated and is punishable

Section 289.02(5) imposed a fiduciary obligation upon the partnership and the corporation to use payments for improvements to land—in particular mortgage money and direct payments from land owners—to satisfy labor and materials claims prior to other business obligations.[2] Failure to fulfill that obligation made the partnership, the corporation, each responsible partner, and each responsible corporate officer liable for the breach. Wis.Stat. §§ 178.11 and 178.12 (1977).[3]

█ This court has been unable to find any Wisconsin cases which have fully enumerated the types of labor claims an employer is obligated to pay pursuant to § 289.02(5) Wis.Stat. (1977). Nevertheless, the court is convinced that labor claims covered by § 289.02(5) include sums contractors and subcontractors are required to pay employee benefit plans covering their union employees.

This finding follows the U. S. Supreme Court's decision in *U. S. for the Benefit of Sherman, et al. v. Carter, et al.*, 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957). In that case the Supreme Court held that construction workers hired by a federal government contractor under a master labor agreement were not "paid in full" until their health and welfare fund was paid by the contractor in accordance with that agreement.

The Supreme Court stated:

The unpaid contributions were a part of the compensation for the work to be done by Carter's employees. The relation of the contributions to the work done is emphasized by the fact that their amount was measured by the exact number of hours each employee performed services for Carter. Not until the required contributions have been made will Carter's employees have been 'paid in full' for their labor in accordance with the collective-bargaining agreements. 353 U.S. at 217–218, 77 S.Ct. at 797.

The Supreme Court also found that the payments due the funds entitled the trustees to sue the contractor's surety to collect the delinquent contributions as well as liquidated damages, attorneys' fees and collection expenses provided for by the master labor agreement. 353 U.S. at 218–220, 77 S.Ct. at 797–798.

Accordingly, this court finds that the plaintiffs' previous state court judgment in

---

under § 943.20. If the prime contractor or subcontractor is a corporation, such misappropriation also shall be deemed theft by any officers, directors or agents of the corporation responsible for the misappropriation. Any such misappropriated moneys which have been received as salary, dividend, loan repayment, capital distribution or otherwise by any shareholder of the corporation not responsible for the misappropriation shall be a civil liability of the shareholder and may be recovered and restored to the trust fund specified in this subsection by action brought by any interested party for that purpose. Except as provided in this subsection this section does not create a civil cause of action against any other person. Until all claims are paid in full, have matured by notice and filing or have expired, such proceeds and moneys shall not be subject to garnishment, execution, levy or attachment.

For a discussion and interpretation of § 289.-02(5) by the Wisconsin Supreme Court and the Wisconsin Court of Appeals (District 1), see *State v. Wolter*, 85 Wis.2d 353, 270 N.W.2d 230 (1978); *Burmeister Woodwork Company, Inc. v. Friedel*, 65 Wis.2d 293, 222 N.W.2d 647 (1974); *Weather-Tite Company of Milwaukee,*

*Inc. v. Lepper*, 25 Wis.2d 70, 130 N.W.2d 198 (1964).

2. *Burmeister Woodwork Company, Inc. v. Friedel*, 65 Wis.2d at 298, 392, 222 N.W.2d 647; *Weather-Tite Company of Milwaukee, Inc. v. Lepper*, 25 Wis.2d at 74, 130 N.W.2d 198.

3. §§ 178.11 and 178.12 of the Wisconsin Statute provide as follows:

§ 178.11 Partnership liable on partner's breach of trust. The partnership is bound to make good the loss: (a) Where one partner acting within the scope of his apparent authority receives money or property of a 3rd person and misapplies it; and (b) where the partnership in the course of its business receives money or property of a 3rd person and the money or property so received is misapplied by any partner while it is in the custody of the partnership.

178.12 Liability of partners. All partners are liable: (a) Jointly and severally for everything chargeable to the partnership under §§ 178.10 and 178.11; (b) jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract.

the amount of $14,438.62 is a nondischargeable debt and that plaintiffs are also entitled to additional attorneys' fees plus the costs and disbursements of this action.